UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No.3:02CR88 (AHN) |
| v. | |
| WILLIAM HORTY | March 20, 2006 |

### GOVERNMENT'S RESPONSE TO MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

By motions filed March 10, 2006 and February 21 2006, William Horty seeks to terminate his term of supervised release. According to his motion, Horty seeks early termination of supervised release to "prevent undue hardship to Mr. Horty, who has been punished fully for his criminal conduct, who is making restitution, and who is in compliance with all the conditions of supervised release." Government opposes these motions.

By amended judgment filed on June 23, 2006, the Court sentenced Horty to a term of incarceration of 12 months and a day, followed by supervised release of three years. Horty was also ordered to pay restitution in the amount of $390,505.05, plus interest and penalties, which was due and payable immediately, pursuant to 18 U.S.C. § 3572(d)(1). While incarcerated, Horty made three $25.00 payments. Horty was released from incarceration on April 29, 2004, at which time he began his term of supervised release which Government understands will be completed on April 27, 2007. Upon release, Horty made no payment toward his restitution debt for six months. In November, 2004, Horty commenced nominal $50.00 monthly payments, at the request of the Probation Office.

18 U.S.C. § 3564©, authorizes a Court to order early termination of probation "if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice,"

and after considering the factors set forth in § 3553(a) relating to the imposition of a sentence. The latter provision provides that a sentence (1) must reflect the seriousness of the offense in order to promote respect for the law and provide just punishment; (2) afford adequate deterrence to criminal conduct; (3) protect the public from further crimes of the defendant; and, (4) provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. The determination of early release is a discretionary decision made by the district court. See United States v. Lussier, 104 F.3d 32, 36 (2d Cir.1997). Early termination is not warranted as a matter of course; on the contrary, it is only "occasionally" justified due to "changed circumstances" of a defendant, such as "exceptionally good behavior." Id. However, mere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination. See United States v. Caruso, 241 F.Supp.2d 466, 468 (D.N.J. Jan 28, 2003) (citing cases)

Other than some vague claim of "undue hardship," Horty has not claimed – much less demonstrated – that he has done anything exceptional justifying early termination of supervised release. In fact, as of March 16, 2006, Horty owes $401,559.05, in restitution to the victims of his criminal activity, with interest continuing to accrue in the amount of $12.05 a day. Aside from his obligation to pay his restitution debt, Horty must also report to the Government any change in his economic circumstances, in accordance with 18 U.S.C. § 3664(k).

Despite this obligation to report economic changes, Horty did not report to the United States Attorney his employment as a loan processor by his ex-wife, Illiad Estrada, who was also the owner of Horty's former co-defendant, IM Estrada & Co. Eight months after his change in employment, Horty was required to report his income situation in response to the Government's financial discovery request. As a result of Horty's improved economic circumstances, and over

Horty's objection, this Office has obtained a garnishment order which recently increased Horty's monthly payments to $320.75.

Given that fact that there are no exceptional circumstances, in view of the amount of restitution due and owing to the victims of his criminal conduct, and based on the full record of this case, the Government respectfully requests that the defendant's motion for early termination of supervised release should be denied.

        Respectfully submitted,

        KEVIN J. O'CONNOR
        UNITED STATES ATTORNEY


        ANTHONY E. KAPLAN
        ASSISTANT UNITED STATES ATTORNEY
        Federal Bar No. ct08083
        23d Floor
        157 Church Street
        New Haven, Connecticut  06510
        (203) 821-3700

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above and foregoing Government's Proposed Voir Dire Questions, has been mailed, postage pre-paid, this 20th day of March, 2006 to:

      Thomas P. Belsky, Esq.
      AFPD
      2 Whitney Avenue, Suite 300
      New Haven, Ct.  06510


_____
                                   ANTHONY E. KAPLAN
                                   ASSISTANT UNITED STATES ATTORNEY